IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-CR-30008 |
| | ) |
| MANUEL CASTRO-REYES, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This cause comes before the Court on Defendant Manuel Castro-Reyes' Motion to Suppress Statements for *Miranda* Violations [8]. The motion is fully briefed, and pursuant to Local Rule 72.1, the District Judge has referred the matter to me for an evidentiary hearing and Report and Recommendation. After carefully considering all of the submissions of the parties, hearing evidence on the matter, and pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Motion to Suppress be DENIED.

### Findings of Fact[1]

Based upon the testimony presented in open court under oath at the hearing held February 11, 2005, the Court finds the following facts occurred:

---

[1] **This Report and Recommendation is being proposed without the benefit of a transcript of the February 11, 2005 evidentiary hearing.**

1) The Defendant Manuel Castro-Reyes was arrested and taken into custody on December 6, 2004 at approximately 2:15 p.m. A valid traffic stop occurred. The Defendant's motion does not contest the legality of the initial traffic stop, nor the admissibility of any statements made by Defendant at the scene of the stop. The Defendant was transferred to the custody of the Office of Immigration and Customs Enforcement (ICE).

2) Agents from ICE transported the Defendant driver and the eleven other occupants of the stopped vehicle to the ICE office for further investigation.

3) Special Agent Kutz of ICE advised the Defendant of his constitutional rights under *Miranda*, his Consular communication privileges pursuant to Article 36 of the Vienna Convention, and was given the advice of rights - retention of witnesses form. The Court finds that all of these rights were given to the Defendant in Spanish. The Court finds Special Agent Kutz to be proficient in Spanish.

4) The Defendant stated he understood his rights, but refused to waive his rights and answer any further questions.

5) Special Agent Kutz stopped all questioning of Defendant at that time, approximately 4:00 p.m.

6)  At or near 6:40 p.m., Special Agent Kutz removed the Defendant from the ICE lockup. Special Agent Kutz advised the Defendant he would be asking the Defendant certain booking/ background information questions, such as name, date of birth, etc. Thereafter, Special Agent Kutz conducted an inventory of Defendant's personal possessions. Special Agent Kutz located $886.76 inside Defendant's wallet.

7)  After the money was located, Special Agent Kutz stated "chingao"[2] out loud. Without any questions asked by Special Agent Kutz, the Defendant thereafter made statements as to why he was in possession of the money found.

8)  Special Agent Kutz repeatedly attempted to stop the Defendant's volunteered statements. Defendant was re-advised of his rights, in Spanish, per *Miranda*, which the Defendant signed. (See Government's Exhibit 1.)[3] Defendant in writing waived his *Miranda* rights. Thereafter, the Defendant made certain incriminating statements in response to questions asked by Special Agent Kutz.

---

[2] **"Chingao" is Spanish slang for the "F word" per Special Agent Kutz.**

[3] **Defendant stipulates Government's Exhibit 1 is an accurate *Miranda* rights waiver form written in the Spanish language.**

9)     The Court finds the testimony of Special Agent Kutz to be credible based upon the Court's observations of Special Agent Kutz during direct examination and cross-examination in open court.

10)    The Defendant called no witnesses.

Analysis and Conclusions of Law

By its terms, *Miranda* does not apply to volunteered statements. See Miranda v. Arizona, 384 U.S. 436, 478 (1966). Nor does *Miranda* apply to responsive police questioning intended to clarify voluntary declarations because such exchanges are not the sort of coercive interrogation that *Miranda* seeks to prevent. See Andersen v. Thieret, 903 F.2d 526, 532 (7th Cir., 1990) and U.S. v. Gilmore, 2004 WL 253692, pg. 4 (W.D.Wis., 2004).

The Government does not dispute that the Defendant was in custody at all relevant times. Therefore, law enforcement were obligated to provide a *Miranda* warning before any questioning. The Government does point out that *Miranda* comes into effect only when the police subject the person in custody to express questioning or its functional equivalent. See U.S. v. Matticx, 2001 WL 34373016, pg. 2 (N.D.Wis., 2001). The Government argues accordingly that when the Defendant volunteered statements to Special Agent Kutz after the inventory search, there was no *Miranda* violation, as true volunteered statements are not protected by the holding of *Miranda*. The Government also notes the Defendant was subjected to only ministerial questions and an

inventory search in Special Agent Kutz' second "booking-like" contact with the Defendant.

At issue herein is the chronology of events and reasons which led Special Agent Kutz to have contact with the Defendant after the Defendant exercised his right to remain silent. According to the testimony of Special Agent Kutz, he brought the Defendant out of the lock-up to ask a series of standard booking questions and to conduct an inventory search wherein U.S. currency was located. Special Agent Kutz then made his "expletive" spontaneous declaration.[4] Thereafter, the Defendant immediately began offering reasons for his possession of the currency found by Special Agent Kutz. Under these facts, those statements were volunteered and are not suppressible because an inventory search and recovery of potentially incriminating evidence, does not automatically lead a suspect to make incriminating statements. The Supreme Court has faced this issue and stated: "since the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of the police officers that they should have known were reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301-02 (1980). Even Special Agent Kutz' use of the Spanish "expletive" when

---

[4]**Which the Court finds was not an express question.**

the currency was found does not raise his conduct to this prohibited level.[5]

Defendant complains that one of the standard questions to be asked by Special Agent Kutz in the booking process by ICE would have elicited an incriminatory response involving a technical misdemeanor immigration violation.[6] (See Defendant's Exhibit #1.)  However, Special Agent Kutz advised that in the chronology of events the complained of question was not asked of Defendant prior to the inventory search and Defendant's volunteered statements. Because of the chronology, the Court does not see a requirement to review and/or decide a non-factor.[7]   Asking *pro forma* booking and/or background questions of the Defendant, fingerprinting, photographing, and conducting a search to inventory personal possessions of the Defendant before the Defendant is placed in a local county jail are routine procedures done after virtually every arrest and fall outside the *Miranda* proscription.[8]  After the

---

[5]**See for example U.S. v. Payne, 954 F.2d 199, 204 (4th Cir., 1992) wherein the Fourth Circuit held that a declaratory statement made by a federal agent to a defendant that police had found a gun in defendant's home did not constitute interrogation under *Miranda*.**

[6]**Defendant agreed at the suppression hearing this second contact with the Defendant violated the holding of Edwards v. Arizona, 451 U.S. 477 (1981). The Court disagrees.**

[7]**In U.S. v. Grant, 549 F.2d 942, 946 (4th Cir., 1977), the court held "*Miranda* erects (no) absolute per se bar on any conversation with the accused by the investigating officers after the former has requested counsel.  It only inhibits investigative interrogation related <u>to the specific crime itself</u>." (emphasis added)**

[8]**In U.S. v. Menichino, 497 F.2d 935, 941 (5th Cir., 1974), the Defendant volunteered inculpatory statements during the course of biographical questioning by the police and such were held admissible.  See U.S. v. Taylor, 799 F.2d 126, 128 (4th**

currency was discovered, the Defendant volunteered certain statements. Special Agent Kutz immediately gave the Defendant renewed *Miranda* warnings. This fact buttresses the Court's conclusion that the Spanish "expletive" was not used to bait the Defendant into talking. After receiving the renewed *Miranda* warnings, the Defendant executed the waiver and agreed to speak. The actions taken by Special Agent Kutz are in complete compliance with the dictates of *Miranda* and its progeny. Defendant's inculpatory statements were either volunteered or voluntary post-*Miranda* waiver.[9]

## Conclusion

For all the above reasons, I strongly recommend that Defendant Manuel Castro-Reyes' Motion to Suppress Statements for *Miranda* Violations [8] be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to file a timely objection

---

**Cir., 1986) wherein the court allowed questioning post *Miranda* where suspect had requested counsel. Post *Miranda* questioning concerning suspect's identity. Court found police were conducting routine ministerial questioning, not investigatory questioning. Therefore, *Miranda* was not violated. See also U.S. v. Regilio, 669 F.2d 1169, 1177 (7th Cir., 1981); U.S. v. Kordosky, 1988 WL 238041, p.11 (W.D.Wis., 1988)(collecting cases).**

[9] The Court also finds compliance with a majority of the factors in 18 U.S.C. 3501(b) concerning the issue of voluntariness.

will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: February 15, 2005

                                              s/ Byron G. Cudmore
                                   _____
                                              BYRON G. CUDMORE
                             UNITED STATES MAGISTRATE JUDGE