UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-30008 |
| ) | |
| MANUEL CASTRO-REYES, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MANUEL CASTRO-REYES' OBJECTION
TO THE REPORT AND RECOMMENDATIONS**

NOW COMES the Defendant, MANUEL CASTRO-REYES (hereinafter "CASTRO," by his attorney, Assistant Federal Defender Douglas J. Beevers, and objects to the report and recommendations of the United States Magistrate Judge regarding Defendant's motion to suppress. Defendant objects as follows:

(1) The Government's witness Special Agent Stuart Kutz admitted that Defendant invoked his Sixth Amendment right to counsel and right to silence immediately after being advised of the Miranda rights;

(2) Agent Kutz admitted that he had reason to believe that Defendant had committed the crime of entering the United States without inspection in violation of 8 U.S.C. §1325 based Defendant's alleged admission to a non-Spanish speaking state police officer that he was an illegal alien;

(3) The Court can take judicial notice that the United States prosecutes even the misdemeanor offenses of entry without inspection. See United States v. Varela-Garcia,

*United States v. Manuel Castro-Reyes*
*Cr. 05-30008*
*Objections to Report on Motion to Suppress*
*Page 2*

87 Fed. Appx. 795, 798 (3rd Cir. 2004). Although <u>Varela-Garcia</u> is an unpublished decision, it demonstrates what sort of evidence the United States has used to corroborate a defendant's confession in entry without inspection prosecutions. In <u>Varela-Garcia,</u> the defendant's admission to Colombian nationality was corroborated by the fact that they spoke Spanish and the fact that they had voluntarily come to the immigration office;

(4) Defendant Castro-Reyes' noncustodial admission to being an alien could be corroborated if the United States obtained his name, date of birth, and parents' names. This information would enable the United States to obtain his Mexican birth certificate and to obtain proof from each of the fifty states in the U.S. that their vital records offices do not contain anyone with the same biographical information. Since Agent Kutz knew that obtaining biographical information was probably going to uncover evidence which the United States could use to convict him of a crime, he knew that asking for the standard biographical information would, in this circumstance, be asking incriminating questions;

(5) Agent Kutz testified that several hours after Castro-Reyes had invoked his right to have counsel present and his right to silence, Agent Kutz brought Castro-Reyes back to his desk for the intended purpose of asking further questions including asking the Defendant to confess to the crime of entry without inspection. Agent Kutz testified that he started this second questioning by telling the Defendant that he was going to ask

*United States v. Manuel Castro-Reyes*
*Cr. 05-30008*
*Objections to Report on Motion to Suppress*
*Page 3*

some questions regarding biographical information. On cross examination Agent Kutz clarified this by saying he could not recall exactly what he said, but he was sure that he said name and date of birth but did not tell the Defendant about his intent to ask questions regarding how the Defendant crossed the border;

(6) Defendant contends that the court below erred in ruling that the Government had met its burden in showing that Defendant initiated the incriminating conversation. The uncontested evidence shows that after Defendant invoked his right to counsel the Government commences further police-initiated custodial interrogation by starting to ask about biographical information which was clearly incriminating. The Government cannot meet its burden by showing that Defendant responded to this interrogation:

> when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police. A suspect is not subject to further interrogation once he has asked to speak to a lawyer. Edwards v. Arizona, 451 U.S. 477, 484-485 (1981).

In Edwards, the Supreme Court held that the exception where a defendant initiates further communication requires proof of "the necessary fact that the accused, not the police, reopened the dialogue with the authorities." Id, at fn. 9.

*United States v. Manuel Castro-Reyes*
*Cr. 05-30008*
*Objections to Report on Motion to Suppress*
*Page 4*

Since the dialogue on incriminating topics between law enforcement and the Defendant had started when Agent Kutz began asking incriminating questions regarding his biographical information and the Defendant's admissions were part of that conversation, the Defendant did not "reopen the dialogue" about his criminal activity; thus, the statement must be suppressed. The Supreme Court restated the rule that police may not initiate further communications:

> In our view, a fair reading of Edwards and subsequent cases demonstrates that we have interpreted the rule to bar police-initiated interrogation unless the accused has counsel with him at the time of questioning. Whatever the ambiguities of our earlier cases on this point, we now hold that when counsel is requested, interrogation must cease, and officials may not reinitiate interrogation without counsel present, whether or not the accused has consulted with his attorney. Minnick v. Mississippi, 498, 146, 152 (1990).

The fact that the biographical questions that Agent Kutz intended to ask would not be incriminating to most U.S. citizen defendants is not relevant where the officer involved was an immigration special agent who had good reason to believe the questions would lead to numerous incriminating responses. The Supreme Court has held that certain "routine booking questions" which are specifically designed to secure biographical information necessary to complete booking procedures rather than to elicit incriminating responses for investigatory purposes can be asked without violating *Miranda*. Pennsylvania v. Muniz, 496 U.S. 582, 600-603, 110 S. Ct. 2638, 110 L. Ed. 2d 528 (1990). The Tenth Circuit has explained the limits of the "routine booking questions" exception in a case where a deported alien' name given in response to INS questioning

*United States v. Manuel Castro-Reyes*
*Cr. 05-30008*
*Objections to Report on Motion to Suppress*
*Page 5*

was suppressed because the agents wanted his name to connect him to his A-file:

> The underlying rationale for the exception is that routine booking questions do not constitute interrogation because they do not normally elicit incriminating responses. As the *Muniz* plurality itself recognized, the police may not ask questions that are designed to elicit incriminating admissions. Thus, where questions regarding normally routine biographical information are designed to elicit incriminating information, the questioning constitutes interrogation subject to the strictures of *Miranda*. United States v. Parra, 2 F.3d 1058, 1068 (10th Cir.), cert denied, 510 U.S. 1026 (1993).

Other circuits agree that "booking" questions cannot be used to obtain incriminating admissions. See United States v. Glen-Archila, 677 F.2d 809, 816 n.18 (11th Cir.), cert. denied, 459 U.S. 874 (1982) ("we emphasize that police may not use routine biographical questioning as a guise for obtaining incriminating information"); see also United States v. Doe, 878 F.2d 1546,1551-52 (1st Cir. 1989)("questions about citizenship, asked on the high seas, of a person present on a foreign vessel with drugs aboard," constituted improper interrogation since U.S. citizenship was an element of the offense); United States v. Disla, supra, 805 F.2d 1340, 1347 (9th Cir. 1986)(defendant in drug case was subjected to improper interrogation "where the question as to where Disla lived was related to an element (possession) of the crime that [the officer] had reason to suspect Disla committed"). The applicable standard is an objective one which turns on whether the challenged questions are those that the officer "should know are reasonably likely to elicit an incriminating response from the suspect." United States v. Mata-Abundiz, 717 F.2d 1277, 1280 (9th Cir. 1983); United States v. Minkowitz, 889 F. Supp. 624 (E.D.N.Y. 1995).

*United States v. Manuel Castro-Reyes*
*Cr. 05-30008*
*Objections to Report on Motion to Suppress*
*Page 6*

    The Seventh Circuit has held that police must "scrupulously honor" even a general invocation of the right to remain silent. <u>United States v. Wyatt</u>, 179 F.3d 532, 538 (7th Cir. 1999). The United States Magistrate Judge erred by finding that the immigration agent scrupulously honored the request for counsel where he mixed incriminating questions with booking questions and the result caused Defendant to make incriminating statements. Defendant could not spontaneously reopen the dialogue regarding his criminal activity while he was in the middle of an unlawful interrogation regarding other related crimes merely by moving the conversation towards discussing another crime.

                                        Respectfully submitted,

                                        RICHARD H. PARSONS,
                                        Chief Federal Public Defender,

                       By:   s/ Douglas J. Beevers
                                        Douglas J. Beevers
                                        Assistant Federal Defender
                                        600 East Adams Street, 2nd Floor
                                        Springfield, Illinois 62701
                                        Telephone: (217) 492-5070
                                        Fax: (217) 492-5077
                                        E-mail: douglas_beevers@fd.org

*United States v. Manuel Castro-Reyes*
*Cr. 05-30008*
*Objections to Report on Motion to Suppress*
*Page 7*

## PROOF OF SERVICE

      I hereby certify that on February 18, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Steve Sanchez
Office of the United States Attorney
318 S. Sixth Street
Springfield, IL 62701

                                                By:   s/ Douglas J. Beevers
                                                       Douglas J. Beevers
                                                       Assistant Federal Defender
                                                       600 East Adams Street, 2nd Floor
                                                       Springfield, Illinois  62701
                                                       Telephone: (217) 492-5070
                                                       Fax: (217) 492-5077
                                                       E-mail: douglas_beevers@fd.org