E-FILED
Thursday, 24 February, 2005  04:40:38 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-30008 |
| ) | |
| MANUEL CASTRO-REYES, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S MOTION TO DISMISS
### INDICTMENT FOR DUPLICITY

NOW COMES the Defendant, MANUEL CASTRO-REYES (hereinafter "CASTRO," by his attorney, Assistant Federal Defender Douglas J. Beevers, and moves this Honorable Court to dismiss the indictment on the grounds that he has been indicted for one count of transporting illegal "aliens" in violation of 8 U.S.C. §1324(a)(1)(A)(ii) in a single count indictment. Since 8 U.S.C. §1324(a)(1)(B)(ii) prescribes a punishment of up to five (or ten) years for each alien, the transportation of each alien must be considered a separate offense.

> A person who violates subparagraph (A)shall for each alien in respect to whom such a violation occurs - (ii) in the case of a violation of subparagraph (A)(i)(ii)(iii)(iv) or (v)II, be fined under Title 18 or imprisoned not more than 5 years or both. 8 U.S.C. §1324(a)(1)(B)(ii).

Under Apprendi "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."Apprendi v. New Jersey, 530 U.S. 466,__, 120 S. Ct. 2348, 2363, 147 L. Ed. 2d 435, __ (2000).  Thus Defendant has a right to have the jury determine the number of aliens

*United States v. Manuel Castro-Reyes*
*Cr. 05-30008*
*Motion to Dismiss for Duplicity*
*Page 2*

who were unlawfully transported.

An indictment is duplicitous where it joins two or more distinct crimes in a single count. United States v. Murray, 618 F.2d 892, 896 (2d Cir. 1980). A general verdict of guilty on a duplicitous count will not enable the court to determine which offense the jury convicted on and whether the jury unanimously found the defendant guilty of one or the other offense. United States v. Kimberlin, 781 F.2d 1247, 1250 (7th Cir. 1999). A duplicitous charge further prejudices the defendant at trial because evidentiary rulings permitting certain evidence to come in as to one offense may be inadmissible as to the other charge. United States v. Pavloski, 574 F.2d 933, 936 (7th Cir. 1978). This case allegedly involves transportation across country. It is not improbable that jurors might believe that a defendant knew that some of the passengers were illegal but had no idea about others. Defendant has a right to a unanimous verdict regarding each alien transported. This duplicity theory has been applied to prior versions of this statute where an indictment in one count charged defendant with bringing in four separate aliens, the court held the indictment was bad for duplicity. United States v Martinez-Gonzales, 89 F Supp 62, (So. Dist. Cal. 1950). The First Circuit rejected the duplicity argument in Serentino v. United States, 36 F.2d 871, 875 (1st Cir. 1930) although the dissent in that case agreed with the duplicity argument. Id. The reasoning which was expressly relied on in Serentino has been clearly overruled by Apprendi, since the defendants in that case received 10 one year sentences on a single count of a

*United States v. Manuel Castro-Reyes*
*Cr. 05-30008*
*Motion to Dismiss for Duplicity*
*Page 3*

conviction which alleged an offense with a 5 year maximum.  Id.

Several appellate decisions demonstrate the need to charge a separate count for each alien.  In United States v Alvarado-Machado, 867 F.2d 209 (5th Cir. 1989), the Fifth Circuit reversed one of five counts of transporting aliens on the ground that there was insufficient proof that the defendant had reason to know that the fifth person transported was illegal.  In United States v Siaw, 34 F3d 1075, (9th Cir. 1994) the defendant was convicted of two counts of transporting one alien in each count, and he appealed one count alleging there was insufficient proof that the alien in that count was an illegal alien.  The current format of the indictment would prevent such specific issues from being raised on appeal.

CASTRO requests the Court dismiss the indictment without prejudice.  Defendant does not request oral argument on this matter.  Defendant notes that this Court denied a motion raising a virtually identical legal issue in United States v. Pedro Torres Gonzales, CR 04-30033.

                Respectfully submitted,

                RICHARD H. PARSONS,
                Chief Federal Public Defender,

By:   s/ Douglas J. Beevers
      Douglas J. Beevers
      Assistant Federal Defender
      600 East Adams Street, 2nd Floor
      Springfield, Illinois  62701
      Telephone: (217) 492-5070
      Fax: (217) 492-5077
      E-mail: douglas_beevers@fd.org

*United States v. Manuel Castro-Reyes*
*Cr. 05-30008*
*Motion to Dismiss for Duplicity*
*Page 4*

PROOF OF SERVICE

  I hereby certify that on February 24, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Steve Sanchez
Office of the United States Attorney
318 S. Sixth Street
Springfield, IL 62701

          By:   s/ Douglas J. Beevers
            Douglas J. Beevers
            Assistant Federal Defender
            600 East Adams Street, 2nd Floor
            Springfield, Illinois  62701
            Telephone: (217) 492-5070
            Fax: (217) 492-5077
            E-mail: douglas_beevers@fd.org