**E-FILED**
Thursday, 03 March, 2005  01:58:59 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 05-30008** |
| | ) | |
| **MANUEL CASTRO-REYES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION**
**TO DISMISS SUPERSEDING INDICTMENT FOR DUPLICITY**

The United States of America by Jan Paul Miller, United States Attorney

for the Central District of Illinois and Esteban F. Sanchez, Assistant United States

Attorney, in response to defendant's motion to dismiss the indictment for

duplicity, states as follows:

1.    Manuel Castro -Reyes is charged in a single count indictment with the

offense of Unlawful Transportation of Aliens for Financial Advantage or Private

Financial Gain in violation of 8 U.S.C. §1324(a)(1)(A)(ii) and (B)(1).   The

indictment also alleges certain special factors which, if found by the jury to exist,

would have enhanced the defendant's sentence upon conviction under the

United States Sentencing Guidelines.[1]

---

[1]The government intends to dismiss or strike the special factors from the
indictment as they are now surplusage pursuant to *United States v. Booker*, 125
S.Ct. 738 (2005).

2.    Defendant Manuel Castro-Reyes moves this Court to dismiss the indictment because the indictment does not allege a separate count for each alien defendant is accused of transporting.  Citing to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S Ct. 2348 (2000), he asserts that he is entitled to have the jury determine the number of aliens who were unlawfully transported by considering each alien separately.  Defendant insists that under *Apprendi*, the government is required to charge each alien separately for consideration by the jury because his statutory maximum penalty is enhanced for each alien transported. See 8 U.S.C. §1324(a)(1)(B)(ii).  This is incorrect and defendant's reliance in *Apprendi* is misplaced.

3.    In Apprendi (and more recently in *Blakely v. Washington*, 124 S.Ct. 2531, 2548 (2004) and *United States v. Booker*, 125 S.Ct. 738, 755-56 (2005), the Supreme Court held that to satisfy the Sixth Amendment right to trial by jury, any factor which increases the statutory maximum penalty for an offense must be alleged by the government in the indictment and proven to a jury beyond a reasonable doubt. *Apprendi* at 2362-63.

4.    Under the statutory penalty structure of the Unlawful Transportation of Alien statute, 8 U.S.C. §1324(B), a defendant convicted of transporting aliens faces a statutory maximum penalty of five years of imprisonment.  See 8 U.S.C.

2

§1324(B)(ii).  However, if the offense was committed for "commercial gain or private financial advantage," the prescribed statutory maximum penalty is 10 years of imprisonment. 8 U.S.C. §1324(B)(i)  Thus, the factor which increases the penalty in this case is the commercial or financial aspect of the offense conduct. Under *Apprendi* and its progeny, the financial aspect of the offense conduct is the statutory factor which the government must allege in the indictment and prove to the jury to satisfy the Sixth Amendment.  In this case, the indictment properly alleges the sentence enhancing factor.

  Despite defendant's argument to the contrary, the statute does not make the number of aliens a sentence enhancing factor.  The statute applies the same maximum penalty "for each alien transported" - five years if the offense conduct did not involve financial gain and ten years if it did. The defendant's statutory maximum is the same whether defendant transported one illegal alien or eleven illegal aliens as is the case here.

Because the number of aliens transported by the defendant is not a sentence enhancing factor, under *Apprendi* the government need not allege or prove the number of aliens transported either in a single count or in separate counts of an indictment as defendant suggests.

    5.   Defendant contends that he is prejudiced by the indictment because

the jury would not have the opportunity to consider each alien separately. To remedy that situation, defendant suggests that the government be required to re-indict him on eleven counts of Unlawful Transportation of Aliens, one for each alien transported. This makes no sense. Assuming that this Court agrees with defendant and the government is required to proceed on a superseding indictment charging eleven counts, upon conviction the defendant would be exposed to an aggregate maximum term of imprisonment of 110 years. He would only be exposed to a maximum statutory penalty of ten years if convicted of the single count indictment on file. Considering this, it is hard to imagine how the defendant is prejudiced by the single count indictment. This Court should reject defendant's invitation to increase his potential penalties and should deny his Motion to Dismiss Indictment.

6.    Defendant further alleges that the single count indictment improperly joins two or more crimes and is duplicitous.

Duplicity results from the charging of two or more offenses in a single count. *United States v. Marshall*, 75 F.3d 1097, 1111 (7th Cir. 1996). Duplicity can lead to improper notice of the charges, prejudice in the shaping of evidentiary and sentencing rulings and in limiting review on appeal, exposure to double jeopardy, and the possibility that a jury will reach a non-unanimous verdict, i.e.,

some jury members may find the defendant guilty of one offense and others may find him guilty of another, but all twelve may not agree on a single offense. *Id.* at 1111; *United States v. Kimberlin,* 781 F.2d 1247, 1250 (7th Cir. 1985). The indictment in this cause is not duplicitous.

Here, the indictment charges a single offense of Unlawful Transportation of Aliens. The offense was part of a single incident or transaction. The indictment charges a single criminal act. Because the indictment clearly identifies the crime and the government has provided Defendant with all pertinent and relevant reports and documents through discovery, there is no chance that he or his lawyer would be confused about the nature of the charge against him. Likewise, there is no exposure to double jeopardy because the indictment as charged would prevent the government from re-prosecuting the defendant for the same incident. Since the defendant is charged with a single offense, the jury could properly convict defendant if they find that he unlawfully transported a single alien. It is not reasonable to believe that the jury would be confused or be unable to reach a unanimous verdict. The defendant does have the right to a unanimous verdict, however "[a] count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." Fed.R.Crim.P. 7(c)(1). Moreover, the evidentiary and

sentencing rulings would not be subject to shaping as the indictment charges a single incident involving multiple victims, all of whom are similarly situated.

7.    Moreover, Defendant's requested remedy, that the government charge him in  eleven separate counts for the same criminal act, would be unconstitutional on multiplicity grounds.  Multiplicity is the charging of a single offense in separate counts of an indictment. *United States v. Allender*, 62 F 3d 909, 912 (7th Cir. 1995).  The imposition of more than one conviction for the same criminal act violates the Double Jeorpardy Clause of the Fifth Amendment of the United States Constitution. *Schiro v. Farley*, 510 U.S. 222, 229, 114 S.Ct. 783 (1994).

The situation here is not different than that in cases involving the possession of multiple firearms by a felon.  In that situation, the government must charge and convict the defendant of a single violation of 18 U.S.C. §922(g) if the firearms in question were possessed as part of a single criminal act or episode. *United States v. Buckheimer*, 255 F.3d 415, 423 (7th Cir. 2001) ("We have determined that when a defendant's possession of multiple firearms is simultaneous and undifferentiated, the government may only charge that defendant with one violation of §922(g)(1) and §922(j), regardless of the actual quantity of firearms involved.")  The government may only charge multiple violations of §922 if "it can produce evidence demonstrating that the firearms

were stored or acquired separately and at different times or places." *United States v. Conley*, 291 F.3d 464, 470 (7th 2002).

Here, defendant's transportation of illegal aliens as charged in the indictment was a simultaneous, undifferentiated, single episode or criminal act. The indictment properly charges the defendant with a single count.

8.    The defendant cites *United States v. Alvarado-Machado*, 867 F.2d 209 (5th Cir. 1989), to support his argument that separate counts for each alien are required.  In *Alvarado-Machado*, the Court actually found that the evidence was insufficient to show that the alleged alien transported in count three was in fact an illegal alien. *Id*. at 212-13.  Likewise, in *United States v. Siaw,* 34 F.3d 1075 (9th Cir. 1994), an unpublished opinion cited by the defendant, the issue involved whether the government had presented sufficient evidence to prove the alienage of one of the transported persons.  Neither *Alvarado-Machado* nor *Siaw* addressed the propriety of the indictment in any respect.

9.    Finally, the defendant cites *United States v. Martinez-Gonzalez*, 89 F.Supp. 62 (S.D. Cal. 1950), wherein the Court found a single count indictment was duplicitous when the verdict form allowed for four separate verdicts. Presenting the jury with four separate verdicts in a single count indictment case, as occurred in *Martinez-Gonzalez*, lends itself to a finding of duplicity.   The

instant case has been charged as a single count indictment— one offense.

Accordingly, the verdict form to be submitted by the government in this case

provides for one verdict.  The defendant acknowledges that the First Circuit case

of *Serentino v. United States*, 36 F.2d 871 (1st Cir. 1930) is contrary to his position

but asserts that case has been overruled by *Apprendi*.  But as argued above,

*Apprendi* applies to factors that enhance the statutory maximum penalty upon

conviction and not whether an indictment properly charges a single criminal act

in a single count.

For the foregoing reasons, the United States submits that the defendant's

motion to dismiss the indictment for duplicity should be denied.

Respectfully submitted,

JAN PAUL MILLER
UNITED STATES ATTORNEY


S/ Esteban F. Sanchez
Assistant United States Attorney
Attorney Bar No. 3123604
318 South 6th Street
Springfield, Illinois 62701
(217) 492-4450
Fax: (217) 492-4044
E-mail: esteban.sanchez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Douglas Beevers
Attorney for Defendant

S/ Esteban F. Sanchez
Assistant United States Attorney
Attorney Bar No. 3123604
318 South 6th Street
Springfield, Illinois 62701
(217) 492-4450
Fax: (217) 492-4044